UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOSHUA R. LETNER, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-CV-458-HAB-SLC |
| FORT WAYNE CITY OF, et al., | |
| Defendants. | |

OPINION AND ORDER

Joshua R. Letner, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Letner alleges that, on August 23, 2021, he was sleeping in his car when four Fort Wayne police officers approached and woke him from his sleep. He was ordered to exit the car, but he explained that he couldn't because he was in pain from gout. He indicated that it hurt too much to move, and he needed an ambulance. Officer Matthew Childs told Letner that he would still need to get out of the car. Officer Childs opened the car door, grabbed Letner's arm, and helped him to the curb.

Officer Beaver checked for warrants. Officer Hill pulled up across the street. Officer Childs questioned Letner about the plates on the car. Letner told Childs the paperwork was in the visor. The windows were open, and Letner could not walk, so he told Officer Childs to grab the paperwork. Officer Childs said he did not see the paperwork and asked if he could search the car. Letner declined to authorize a search.

Letner claims he was only sleeping, and his detention was therefore unjustified. Probable cause, however, was not necessary for officers to approach Letner's vehicle, wake him up, ensure he was alright, or ask him a few questions. *Long v. United States*, 847 F.3d 916, 921 (7th Cir. 2017) ("Because a 'seizure does not occur simply because a police officer approaches an individual and asks a few questions,' this encounter did not implicate the Fourth Amendment."); *Woods v. Vill. of Bellwood*, 502 F. Supp. 3d 1297, 1307 (N.D. Ill. 2020) ("The police are allowed to check on incapacitated people in vehicles in public places without running afoul of the Constitution."). Therefore, Letner may not proceed on his claim that officers were unjustified in initiating their encounter with him on August 23, 2021.

After Letner declined to authorize a search, Letner asserts that Officer Hill falsely claimed he smelled marijuana to justify a search of the vehicle. The vehicle was searched, and Officer Beaver located a gun under the driver's seat. Searches performed without warrants are "*per se* unreasonable under the Fourth Amendment unless one of few recognized exceptions applies." *United States v. Leo*, 792 F.3d 742, 748 (7th Cir. 2015). However, an officer may search a vehicle if he smells marijuana. *See Long v. United States*, 847 F.3d at 921 (finding that the search of a vehicle was lawful where an officer

was doing a wellness check, instructed the individual to open the door, and immediately smelled marijuana). As a result of the search, Letner was charged with possession of methamphetamine, fentanyl, and marijuana, being a felon in possession of a firearm in furtherance of a drug trafficking crime, and being a felon in possession of a firearm. *United States v. Letner*, 1:21-CR-64-HAB-SLC (filed Oct. 27, 2021). He was found guilty of the possession of controlled substances and being a felon in possession of a firearm in furtherance of a drug trafficking crime on June 15, 2023. That conviction has not been overturned, and a finding in his favor on this claim would undermine the validity of his conviction. Therefore, this claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.").

Once the gun was located, Officers Childs, Hill, and Nicklow yanked Letner up from the curb while stepping on his feet and twisting his arms, and Officer Hill began punching Letner in the ribs. Letner blacked out and awoke to in the back of Officer Hill's police car. "A claim that an officer employed excessive force in arresting a person is evaluated under the Fourth Amendment's objective-reasonableness standard." *Abbott v. Sangamon Cnty.*, 705 F.3d 706, 724 (7th Cir. 2013). The question in Fourth Amendment

3

excessive use of force cases is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). Rather, the question is whether the totality of the circumstances justifies the officers' actions. *Graham*, 490 U.S. at 396. The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the perfect vision of hindsight. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. *Id*. An officer's use of force is unreasonable if, judging from the totality of the circumstances at the time of the arrest, the officer uses greater force than was reasonably necessary to effectuate the arrest. *Gonzalez v. City of Elgin,* 578 F.3d 526, 539 (7th Cir. 2009). "Factors relevant to the reasonableness inquiry include . . . whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Williams v. Brooks*, 809 F.3d 936, 944 (7th Cir. 2016). Giving Letner the inferences to which he is entitled at this stage, he states a plausible excessive force claim against Officer Childs, Officer Hill, and Officer Nicklow.

Letner alleges that the defendants failed to intervene, but he does not link this allegation to any particular defendant. Presumably he is referring to Officer Beaver, who he does not allege was directly involved in using force against him. State actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's right through the use of excessive force but fail to do so" may

4

be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir.2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). Here, it cannot be plausibly inferred that the alleged unconstitutional actions of Officers Childs, Hill, and Nicklow lasted sufficiently long for Officer Beaver to intervene. It is unclear where Officer Beaver was located when the alleged attack occurred or if he even witnessed the incident. Therefore, Letner has not stated a claim against Officer Beaver for failure to intervene.

Letner asked for a lawyer and to be taken to the hospital. Officer Hill took Letner to the hospital. While at the hospital, the doctor asked Officer Hill what was wrong with Letner. Officer Hill said that he did not know, and he was "just some low life drug dealer claiming he's in pain." ECF 1 at 3. Standing alone, "[t]he use of derogatory language, while unprofessional and deplorable," is not serious enough to violate the Constitution. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409, 422 (7th Cir.), *cert. denied*, 141 S. Ct. 251, 208 L. Ed. 2d 24 (2020). These comments were rude and unprofessional but not unconstitutional.

Despite being taken to the hospital following the encounter, Letner alleges that he was denied medical care. Under the Fourth Amendment, the court must consider "whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," *Bell v. Wolfish*, 441 U.S. 520, 559 (1979), the question is whether the totality

5

of the circumstances justifies the officers' actions. *Graham*, 490 U.S. at 396. *See also Currie v. Chhabra*, 728 F.3d 626, 621 (7th Cir. 2013) ("The relevant legal standard for arrestees who have been seized but who have not yet had their probable cause hearing, we conclude, comes from the Fourth Amendment, not the Fourteenth, and certainly not the Eighth."). Here, where Officer Hill took Letner to the hospital for an assessment immediately following his encounter with Letner, it cannot be plausibly inferred from the allegations in the complaint that any defendant acted unreasonably in briefly delaying medical care until the encounter concluded.

When Letner and Officer Hill returned to the police car after the hospital visit, Officer Hill again started questioning Letner. Letner declined to answer Officer Hill's questions, and he was delivered to the jail.

Letner alleges he was subjected to malicious prosecution, although he does not make specific allegations regarding any particular defendant. Federal claims for malicious prosecution brought pursuant to 42 U.S.C. § 1983 have been recognized as arising under the Fourth Amendment. *See Thompson v. Clark*, --- U.S. ----, 142 S. Ct. 1332, 1337 (2022). Such claims require that the prosecution was instituted without probable cause, that the motive in bringing the charge(s) was "malicious," and that the prosecution terminated in favor of the accused. *Id.* at 1338. As already explained, the prosecution did not terminate in Letner's favor. He was found guilty of possession of controlled substances and being a felon in possession of a firearm in furtherance of a drug trafficking crime. *United States v. Letner*, 1:21-CR-64-HAB-SLC (filed Oct. 27, 2021). Therefore, he cannot proceed on a claim for malicious prosecution.

Letner alleges that the defendants should be held liable for failure to train, but he does not indicate any specific defendant failed to train an alleged wrongdoer. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 594-96 (7th Cir. 2009). Therefore, he may not proceed on a failure to train claim.

That leaves only Letner's claim against the City of Fort Wayne. A municipality may only be held liable for constitutional violations caused by the municipality through its own policy, practice, or custom. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Here, the second amended complaint does not allege facts from which it can be plausibly inferred that any individual defendant's alleged actions were the result of a municipal policy, custom, or practice. Therefore, Letner cannot proceed against the City of Fort Wayne.

For these reasons, the court:

(1) GRANTS Joshua R. Letner leave to proceed against Officer Childs, Officer Hill, and Officer Nicklow in their individual capacities for monetary damages for using excessive force against Letner on August 23, 2021, in violation of the Fourth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Officer Beaver and the City of Fort Wayne;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to

locate and serve process on) Officer Childs, Officer Hill, and Officer Nicklow at the Fort Wayne Police Department, with a copy of this order and the complaint (ECF 1);

(5) ORDERS Fort Wayne Police Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Childs, Officer Hill, and Officer Nicklow to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 14, 2023

s/Holly A. Brady
CHIEF JUDGE
UNITED STATES DISTRICT COURT