UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSHUA R. LETNER,

             Plaintiff,

             v.                         CAUSE NO. 1:22-CV-458-HAB

GEORGE NICKLOW, et al.,

             Defendants.

<u>OPINION AND ORDER</u>

Joshua R. Letner, a prisoner without a lawyer, is proceeding in this case "against Officer Childs, Officer Hill, and Officer Nicklow in their individual capacities for monetary damages for using excessive force against Letner on August 23, 2021, in violation of the Fourth Amendment[.]" ECF 9 at 7. Specifically, Letner alleged in his complaint that the defendants used excessive force while arresting him by yanking him off the curb, stepping on his feet, twisting his arms, and punching him in the ribs. *Id.* at 3. On April 9, 2024, the defendants filed a motion for summary judgment. ECF 36. With the motion, the defendants provided Letner the notice required by N.D. Ind. L.R. 56-1(f). ECF 39. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed over eight months ago,

but Letner hasn't responded. Therefore the court will now rule on the defendants' summary judgment motion.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion and identifying" the evidence that "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In ruling on a motion for summary judgment, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). The court will not "make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Summary judgment is not a substitute for a trial on the merits or a vehicle for resolving factual disputes. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Instead, the court's sole task in ruling on a motion for summary judgment is "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Payne*, 337 F.3d at 770. If a reasonable factfinder could find in favor of the nonmoving party, summary judgment may not be granted. *Id.*

"An officer who has the right to arrest an individual also has the right to use some degree of physical force or threat of force to effectuate the arrest, but that right is circumscribed by the Fourth Amendment's insistence on reasonableness." *Stainback v. Dixon*, 593 F.3d 767, 772 (7th Cir. 2009) (*quoting Graham v. Connor*, 490 U.S. 396 (1989)). As such, an officer "may not knowingly use handcuffs in a way that will inflict unnecessary pain or injury on an individual who presents little or no risk of flight or threat of injury." *Id.* "Whether a particular use of force was objectively reasonable 'is a legal determination rather than a pure question of fact for the jury to decide.'" *Dockery v. Blackburn*, 911 F.3d 458, 464 (7th Cir. 2018) (*quoting Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, 520 (7th Cir. 2012)). In analyzing the reasonableness of a use of force, the court must "consider the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he was actively resisting arrest or attempting to evade arrest by flight." *Bayon v. Berkebile*, 29 F.4th 850, 854 (7th Cir. 2022) (internal quotation marks and citations omitted). An officer's use of force is unreasonable if, judging from the totality of the circumstances at the time of the arrest, the officer uses greater force than was reasonably necessary to effectuate the arrest. *Gonzalez v. City of Elgin,* 578 F.3d 526, 539 (7th Cir. 2009).

The defendants provide affidavits, in which they attest to the following facts: On August 23, 2021, Officer Childs was dispatched in reference to a report of a suspicious occupied vehicle. ECF 36-1 at 1. Upon arrival, Officer Childs walked up to the parked vehicle and found Letner sleeping in the driver's seat. *Id.* Officer Childs ran the

temporary license plate on the vehicle and found that the plate did not match the vehicle. *Id.* at 2. At Officer Childs' direction, Letner stepped out of the vehicle and sat on the curb. *Id.* Officers Hill and Nicklow arrived and Officer Hill advised he could smell marijuana coming from Letner's vehicle. *Id.*; ECF 36-2 at 2; ECF 36-3 at 1. Officer Hill then opened the driver's door of Letner's vehicle and observed a handgun sitting on the floor. ECF 36-2 at 2. The officers immediately detained Letner and Officers Hill and Nicklow placed him in handcuffs, double locked and indexed behind his back. ECF 36-1 at 2; ECF 36-2 at 2-3. The officers then searched Letner and found another handgun in his waistband. ECF 36-2 at 3. Letner stated he was a convicted felon and did not have a license to carry a handgun. *Id.*; ECF 36-1 at 2. Letner's vehicle was searched and numerous bags containing drugs were discovered. ECF 36-1 at 3. Letner was secured in Officer Hill's vehicle and transported to the hospital because he complained he was not feeling well. *Id.*; ECF 36-2 at 4. Each defendant attests he didn't use any force on Letner other than handcuffing him and placing him in the police vehicle. ECF 36-1 at 4; ECF 36-2 at 5; ECF 36-3 at 2. Because Letner has not responded to the defendants' summary judgment motion, the court accepts these facts as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

Here, based on the undisputed facts in the record, no reasonable jury could conclude the defendants used more force than was reasonably necessary to effectuate Letner's arrest. *See Gonzalez,* 578 F.3d at 539. Specifically, it's undisputed that the only force the defendants used against Letner was to handcuff him and place him in a police

vehicle after discovering he had a firearm in his vehicle. There's no evidence that handcuffing Letner and placing him in the police vehicle was in any way excessive or unnecessary. *See Howell v. Smith*, 853 F.3d 892, 899-900 (7th Cir. 2017) (police officer's use of handcuffs to restrain road rage suspect following traffic stop did not violate suspect's Fourth Amendment rights where officer had received a report of an armed road rage incident, as officer was entitled to act to protect himself). Moreover, there's no evidence the defendants handcuffed Letner in an unreasonable manner or in a manner intended to inflict unnecessary pain or injury. *See Stainback*, 593 F.3d at 772. Because the undisputed evidence shows the defendants used only a reasonable amount of force to effectuate Letner's arrest, summary judgment is warranted in their favor.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 36); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Joshua R. Letner and to close this case.

SO ORDERED on January 15,  2025.

s/Holly A. Brady
CHIEF JUDGE
UNITED STATES DISTRICT COURT